IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| BETH HOLCOMBE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| v. | : | |
| | : | NO. _____ |
| COLUMBIA COLLECTION SERVICES, | : | |
| INC., an Indiana corporation, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## COMPLAINT FOR DAMAGES

### CERTIFICATE OF INTERESTED PARTIES
### PURSUANT TO S.D.Ga. LR 3.2

1. Plaintiff's counsel certifies that the following is a full and complete list of the parties in this action:

BETH HOLCOMBE,                          Plaintiff,

COLUMBIA COLLECTION SERVICES, INC.    Defendant.

The undersigned further certifies that the following is a full and complete list of officers, directors, or trustees of the above-identified parties:

Plaintiff is without knowledge of the officers of COLUMBIA

COLLECTION SERVICES, INC.

The undersigned further certifies that the following is a full and complete

list of other persons, firms, partnerships, corporations, or organizations that

have a financial interest in, or another interest which could be substantially

affected by, the outcome of this case (including a relationship as a parent or

holding company or similar relationship):

The parties and their respective counsel are the only interested

parties known by Plaintiff at this time.

## INTRODUCTION

2.     This is an action for damages against the Defendant for violations of the

Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## SUBJECT MATTER JURISDICTION

3.     Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §

1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

4.     Plaintiff is a "Consumer" as that term is defined by the Federal Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692(a)(3), and is authorized by law

to bring this action.

5.     Defendant COLUMBIA COLLECTION SERVICES, INC. is a corporation

organized under the laws of the State of Indiana.  [Hereinafter, said

Defendant is referred to as "COLUMBIA"].

6.     COLUMBIA transacts business in Georgia.

7.     COLUMBIA's transactions in Georgia give rise to Plaintiff's cause of

action.

8.     COLUMBIA is subject to the jurisdiction and venue of this Court.

9.     COLUMBIA may be served by personal service upon its registered agent in

the State of Indiana, to wit: Scott Green, 5705 Idle Creek Lane, Terre Haute,

IN 47802.

10.     Alternatively, COLUMBIA may be served by personal service upon any

authorized agent or officer at its primary business location, to wit: 3135 E.

Wabash Avenue, Terre Haute, IN 47803.

11.    Alternatively, COLUMBIA may be served by personal or substitute service

pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws

of the States of Georgia and/or Indiana.

## FACTS COMMON TO ALL CAUSES

12.    COLUMBIA uses the mails in its business.

13.    COLUMBIA uses telephone communications in its business.

14.    The principle purpose of COLUMBIA's business is the collection of debts.

15.    COLUMBIA regularly collects or attempts to collect debts owed or due, or

asserted to be owed or due, another.

16.    COLUMBIA is a debt collector subject to the provisions of the Fair Debt

Collection Practices Act.

17.    In the course of attempting to collect a consumer debt allegedly due from

Plaintiff to a business not a party to this litigation, COLUMBIA

communicated with Plaintiff in a manner which violated the Federal Fair

Debt Collection Practices Act.

18.    The alleged debt arose from a copay for a visit to an opthamologist.

19.  The alleged debt which COLUMBIA attempted to collect from the Plaintiff was incurred for personal, family or household purposes.

20.  In 2012, COLUMBIA made telephone communications to Plaintiff.

21.  Specifically, COLUMBIA left voice mails for plaintiff seeking a return call in an attempt to collect a debt.

22.  In each of the voice mails, COLUMBIA did not meaningfully disclose its identity.

23.  In each of the voice mails, COLUMBIA did not state that COLUMBIA was the entity placing the call.

24.  In each of the voice mails, COLUMBIA did not state that the communications were from a debt collector.

25.  In each of the voice mails, COLUMBIA did not state that the purpose of the communication was an attempt to collect a debt.

26.  COLUMBIA's policy in leaving debt collection telephone messages for consumers is not to provide its company name or the nature of its business.

27.  The allegations of the preceding paragraph are based on the uniformity of the telephone messages left for Plaintiff.

28. COLUMBIA's failure to disclose its identity and the nature of its business was intentional.

29. Defendant violated the Fair Debt Collection Practices Act.

30. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

31. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

32. Defendant's violations of the FDCPA include, but are not limited to, the following:

33. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

34. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

35.     The failure to disclose in subsequent communications that the
        communication is from a debt collector, in violation of 15
        U.S.C. § 1692e(11).

36.     As a result of Defendant's actions, Plaintiff is entitled to an award of
        statutory damages, as well as an award of costs and attorney fees.

        WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT
JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF
PLAINTIFF, AS FOLLOWS:

        a)      That Plaintiff be awarded statutory damages;

        b)      That Plaintiff be awarded the expenses of litigation including a
reasonable attorney fee;

        c)      That the Court grant such further and additional relief as is just in the
circumstances.

        Respectfully submitted,

SKAAR & FEAGLE, LLP


by:    /s/ Justin T. Holcombe
       Justin T. Holcombe
       Georgia Bar No. 552100
       jholcombe@skaarandfeagle.com
       Kris Skaar
       Georgia Bar No. 649610
       krisskaar@aol.com
       P.O. Box 1478
       331 Washington Ave.
       Marietta, GA 30061-1478
       770 / 427-5600
       404 / 601-1855 fax

       James M. Feagle
       Georgia Bar No. 256916
       jfeagle@skaarandfeagle.com
       108 East Ponce de Leon Avenue
       Suite 204
       Decatur, GA 30030
       404 / 373-1970
       404 / 601-1855 fax

       ATTORNEYS FOR PLAINTIFF